**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

GABRIEL MEZA RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3150

Agency No.
A070-957-313

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

Gabriel Meza Ramirez, native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") affirming the denial by

an immigration judge ("IJ") of his application for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review legal and constitutional questions, including alleged due process violations, de novo." *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We review factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

1. Substantial evidence supports the BIA's determination that Meza Ramirez's proposed social groups are neither particularized nor socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) ("[T]o establish that a proposed social group is cognizable for purposes of withholding of removal, an applicant must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014))); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 881-83 (9th Cir. 2021) (affirming agency's determination that "wealthy business owners" is not a cognizable particular social group). The only evidence Meza Ramirez uses to challenge the BIA's determination is the country-conditions evidence that there is "rampant corruption in Mexico." But, as the BIA concluded, that evidence has no bearing on whether Meza Ramirez's proposed social groups are particularized or socially distinct. *See Conde Quevedo*,

947 F.3d at 1243-44 (affirming BIA's determination that petitioner failed to establish membership in a cognizable particular social group where the record contained evidence of "the serious problem of gang violence in Guatemala" but did not contain any evidence of social distinction). We therefore deny the petition as to his asylum and withholding-of-removal claims.

2. Substantial evidence also supports the BIA's determination that Meza Ramirez failed to establish that it was more likely than not that he would face future torture in Mexico. Even assuming Meza Ramirez could demonstrate past torture, the record supports the BIA's conclusion that Meza Ramirez could safely relocate in the country of removal. The BIA noted the IJ's findings, which Meza Ramirez has not challenged on appeal, that he "lived without threats or harm from the police for nearly 2 years following the 2014 incident," "the police later assisted [him] after" he was attacked in 2016, and he has "pursued human rights procedures available in Mexico following both beatings." Meza Ramirez's only response is to reiterate that the country-conditions evidence shows that "corruption is rampant in Mexico." But that does not suggest that Meza Ramirez "would face any particular threat of torture beyond that of which all citizens of [Mexico] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008).

Meza Ramirez argues that the BIA erred by not specifically mentioning that, during a 2014 incident of abuse by the police, the police used pepper spray and

"threw water" on him. When evaluating a CAT claim, the BIA cannot "fail[] to mention highly probative or potentially dispositive evidence," *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)), but it need not "individually identify and discuss every piece of evidence in the record," *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022). The record suggests that the BIA did consider the evidence that the police used pepper spray and water and that the BIA rejected Meza Ramirez's argument that it constituted torture. The BIA stated that "Mexican law enforcement officers beat [Meza Ramirez] and jailed him for 1 night," citing portions of the hearing before the IJ where the water and pepper spray were discussed. The BIA concluded that "[w]hile disturbing, this experience does not constitute torture." *See id.* at 769 (affirming BIA's determination that four incidents of police abuse did not constitute torture where the incidents "did not result in any serious injuries or long-term harm" (quotation marks omitted)).

Although the BIA did not itself describe the police's use of pepper spray or water, it was under no obligation to do so because that evidence "was neither 'highly probative [n]or potentially dispositive.'" *Id.* at 771 (alteration in original) (quoting *Castillo*, 980 F.3d at 1283). Even if those details of the 2014 incident could have affected the BIA's past torture determination, they have no bearing on the BIA's conclusion that Meza Ramirez could safely relocate. *See Ruiz-*

*Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (evidence of past torture is "not alone sufficient" in assessing likelihood of future torture). We therefore deny the petition as to Meza Ramirez's CAT claim as well.[1]

Petition **DENIED**.[2]

---

[1] We reject Meza Ramirez's assertion that the BIA violated his due-process rights in denying his CAT claim. The BIA's reasoning, which relied on the IJ's factual findings, was "adequate for us to conduct our review," and therefore no remand is necessary. *Antonyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995)).

[2] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Docket No. 3, is otherwise denied as moot.

24-3150